STATE of Missouri ex rel. JACKSON COUNTY, MISSOURI et al., Relators,

v.

**Honorable Alvin C. RANDALL, Judge et al., Respondents.**

No. 61743.

Supreme Court of Missouri,
En Banc.

March 11, 1980.

Valarie S. Zeeck, Asst. County Counselor, R. Jay Ingraham, County Counselor, Joe M. Williams, Deputy County Counselor, Russell D. Jacobson, Assoc. County Counselor, Kansas City, for relators.

Billy S. Sparks, Robert B. Langworthy, William T. Session, Charles C. Curry, Kansas City, for respondents.

WELLIVER, Judge.

This is an original action for prohibition brought by relators, Jackson County and its Acting Director of Revenue, James E. Mitchell. Relators seek to prohibit respondent judge of the Circuit Court of Jackson County from enforcing a writ of peremptory mandamus against Mitchell while his appeal from the judgment of mandamus is pending. This case involves the same factual setting as the appeal in *State ex rel. Kelley v. Mitchell,* no. 61741, Mo., 595 S.W.2d 261, decided concurrently herewith. The writ of peremptory mandamus ordered relator Mitchell to pay out of the County treasury salary warrants that represented salary increases for certain employees of the Kansas City Board of Election Commis-

---

sioners. The respondent adjudged the relator Mitchell guilty of civil contempt for his failure to comply with the peremptory writ of mandamus pending resolution of relator's appeal from the mandamus judgment.

On October 29, this Court entered its preliminary writ, prohibiting enforcement of the writ of peremptory mandamus, until further order of this Court, and ordered the case docketed to be heard on the same date and immediately following the appeal in cause no. 61741. The contempt order committed relator to the custody of the Jackson County Department of Corrections "to be held in the county jail until he purges himself of contempt" by complying with the peremptory writ of mandamus. We reversed the underlying mandamus judgment in cause no. 61741, relieving relator of the obligation to comply with the peremptory writ of mandamus. Since there is no valid order remaining to be enforced by the contempt sanction, the preliminary writ in prohibition is hereby made absolute.

All concur.